UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ian M. Doty,

    Plaintiff,                         Case Action No.: 1:10cv892

    v.                                Judge Michael R. Barrett

Commissioner of Social Security,

    Defendant.

## ORDER

Before the Court is Magistrate Judge Karen L. Litkovitz's December 29, 2010, Report and Recommendation ("Report") (Doc. 4). In the Report, Magistrate Judge Litkovitz recommends that Plaintiff's Complaint be dismissed for lack of jurisdiction. (Doc. 4, 4.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the Report (Doc. 6). Defendant has not filed a response.

For the reasons stated below, the Court overrules Plaintiff's Objections and the Report is ADOPTED.

**I.    Background**

Plaintiff brings this case pro se. At the time he filed his Complaint, Plaintiff was

---

[1] Notice was attached to the Report regarding objections. (Doc. 4, 5.)

1

an inmate at the Lebanon Correctional Institution in Lebanon, Ohio. (Doc. 3, 1.) He alleges that in July 2009, he was approved for Social Security childhood benefits on account of his deceased father. However, these benefits supposedly ceased in July 2010 upon his incarceration. Plaintiff alleges that he spoke with a Social Security employee by telephone in October 2010 and was informed that he was ineligible for childhood benefits while incarcerated. Plaintiff believes that this decision was in error, and he seeks resumption of his benefits. (Doc. 4, 3; Doc. 3, 5–6.)

Upon a sua sponte review of the Complaint, the magistrate judge determined that jurisdiction was lacking. The Report states that because Plaintiff has not exhausted his administrative remedies, and because the Commissioner has not made a "final decision," this Court lacks jurisdiction over Plaintiff's case. (Doc. 4, 3–4.)

In his Objection, Plaintiff argues that "the administrative remedies would not apply to this case because those administrative remedies apply to someone who would be applying for social security benefits." (Doc. 6, 3.) Instead, Plaintiff contends that a mistake was made "in combining the two benefits I draw." Plaintiff is not requesting "SSI payments, as those cease when I'm incarcerated." (Doc. 6, 3.) Rather, Plaintiff believes that a mistake occurred with his childhood benefits. (Doc. 6, 3.) Plaintiff does not address the issue of jurisdiction. (*See* Doc. 6.)

## II. Analysis

### A. Standard of Review

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In enacting the original *in forma pauperis* statute, Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent abuse, Congress authorized dismissal of an *in forma pauperis* complaint if a court satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 33; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(ii).

3

Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (*citing Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555).

**B.    Jurisdiction over a Complaint**

Title 42 U.S.C. § 405(g) governs judicial review of Social Security decisions. It provides in relevant part as follows:

> Any individual after any *final decision of the Commissioner made after a hearing to which he was a party* . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991) (*citing Mathews v. Eldridge*, 424 U.S. 319, 327–29 (1976)). Before plaintiff may obtain judicial review of a claim for benefits, he must exhaust the four-step

4

administrative process in the Social Security Administration: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)–(4); 416.1400(a)(1)–(4). When he has completed these four steps, the agency "will have made [its] final decision" and a plaintiff "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a)(5)*; see also Atkin v. Lewis*, 232 F. Supp. 2d 770, 773 (N.D. Ohio 2002).

As the Report states, there is no indication that Plaintiff availed himself of the administrative review process before filing his Complaint, and there has been no final decision by the Commissioner in this case. (Doc. 4, 4.) Plaintiff does not address the issue of jurisdiction. (*See* Doc. 6.) If Plaintiff believes that a mistake occurred with his childhood benefits (Doc. 6, 3), the proper forum for such a complaint is before the Social Security Administration. As the Report states, "this Court lacks jurisdiction over plaintiff's case." (Doc. 4, 4.) In this respect, the Report is ADOPTED.

### C. Plaintiff's Additional Filings

In addition to his Objections, Plaintiff has entered two other filings. On February 3, 2011, he filed an unnamed motion wherein he notes that Defendant has failed to respond to his Objections. (Doc. 7, 1.) Based on this failure, Plaintiff requests that default judgment be entered in his favor "due to the Defendant not following the procedure of Fed. R. Civ. P. 72(b) . . . ." (Doc. 7, 2.) Rule 72 of the Federal Rules of Civil Procedure states that "[a] party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). Plaintiff has apparently taken this to mean that because Defendant has not responded, he is entitled to default

judgment. However, Rule 72(b)(2) states that a party "may" respond. A response is not required; it is merely permissive. No damage accrues to Defendant for not filing a response to Plaintiff's Objections. Thus, Plaintiff's motion (Doc. 7) is DENIED.

Plaintiff's final filing is an April 8, 2011, application for entry of default judgment. (Doc. 9.) This filing argues that because Defendant has not filed an answer, as required by Rule 12 of the Federal Rules of Civil Procedure, default judgment should be entered in his favor. (Doc. 9, 1–2.) However, the magistrate judge's Report was based on 28 U.S.C. § 1915. "Dismissals under section 1915 are to be made early in the proceedings, *before* service of process on the defendant and *before* burdening a defendant with the necessity of making a responsive answer under the rules of civil procedure." *Williams v. White*, 897 F.2d 942, 943–44 (8th Cir. 1990); *see also Hopkins v. Kern*, 899 F.2d 1222, at *1 (6th Cir. 1990) (holding that defendants are "not required to file an answer to the complaint" where the court entered a sua sponte order under 28 U.S.C. § 1915) (unpublished table decision). Because the Court has acted sua sponte under 28 U.S.C. § 1915, Defendant had no duty to respond to Plaintiff's Complaint. Thus, Plaintiff's application for default judgment (Doc. 9) is DENIED.

### III. Conclusion

Based on the foregoing, the Court overrules Plaintiff's Objections and the Report (Doc. 4) is hereby ADOPTED. As the Report recommends, Plaintiff's Complaint is DISMISSED for lack of jurisdiction, and the Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–12 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Additionally, Plaintiff's February 3, 2011, and April 8, 2011, filings are both DENIED.

    **IT IS SO ORDERED**.

                                            *s/Michael R. Barrett*
                                            United States District Judge